NATIONAL HARNESS MFRS.' ASS'N v. FEDERAL TRADE COMMISSION et al.

(Circuit Court of Appeals, Sixth Circuit. November 15, 1919.)

No. 3289.

TRADE-MARKS AND TRADE-NAMES ☞80½, New, vol. 8A Key-No. Series—PRINTING OF RECORD ON PETITION FOR REVIEW OF ORDER OF FEDERAL TRADE COMMISSION.

On petition for review of an order of the Federal Trade Commission, made under Act Sept. 26, 1914, § 5 (Comp. St. § 8836e), rule 19 for the Circuit Courts of Appeals (202 Fed. xiii, 118 C. C. A. xiii), relating to the printing of the record in ordinary appellate cases, is not applicable, but the general equity rule 75 furnishes an analogy for the proper practice; and as the commission is required to file a transcript of the record in case its order is not obeyed, or defendant feels aggrieved by the same, it is sufficient if the petitioner prepare and serve upon the commission a statement of those portions of the record which it deems should be printed, whereupon the commission may propose amendments, and, in case of disagreement, the matter shall be settled by the court.

Petition to review order of Federal Trade Commission.

Petition by the National Harness Manufacturers Association to review an order of the Federal Trade Commission of the United States and others. In the matter of the printing of the record of the commission. Practice stated.

Lorbach & Garver, of Cincinnati, Ohio, for National Harness Manufacturers' Ass'n.

Claude R. Porter, of Washington, D. C., for Federal Trade Commission.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. The Federal Trade Commission, proceeding under section 5 of the act of Congress approved September 26, 1914 (38 Stat. 719, c. 311 [Comp. St. § 8836e]), conducted an investigation and thereupon made an order requiring the Harness Manufacturers' Association to desist from using certain methods of competition therein specified. Thereupon the association filed its petition, asking this court to review and set aside such order. At a previous session we denied the motion of the association to dispense with printing the record; and, the record not having been printed, the commission now moves to dismiss the petition for review.

We think our previous order, which assumed that printing was necessary and thereupon declined to dispense with it entirely, did not sufficiently take into account the character of this proceeding. Our

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

rule 19 (202 Fed. xiii, 118 C. C. A. xiii) provides for the printing of all records, but contemplates only records in those proceedings to which the body of the rules is applicable, viz., records on writs of error or appeals or on some specified petitions. In all these cases the record has been prepared under some supervision which insures printing only the essential parts. This rule 19 should not be interpreted so as to require printing at large such a record as this. By the provisions of this act, the commission conducts a general investigation and takes proofs; there is no judicial regulation of the reception of evidence. Thereupon the commission makes a finding of facts and an order. If the order is not observed, the commission may apply to this court for a mandatory order of enforcement, and files in this court a copy of the entire record and of its finding of facts. In case of such application, there is a provision for taking further testimony, to be ordered by this court, at the request of either party. In case the defendant feels aggrieved by the order of the commission, he may file a petition in this court for review, and the commission is required to file the transcript of the record. The court then has the same duty of review as if the commission had brought the matter here.

The provision regarding further proofs indicates that the transcript first filed is not of the permanent character of ordinary transcripts, and that the printing of parts of the original might be rendered inadvisable by later proofs; and though this provision for further proofs does not in terms apply to a defendant's application for review, we should hesitate to construe our printing rule as applicable to one and not to the other method of review.

The statute further provides that the finding of facts by the commission shall be conclusive, if supported by any evidence. It follows that there will be no occasion to resort to the record on which the findings were based, unless it is alleged that there was no evidence to support a particular finding, and then it would be necessary to examine only so much of the evidence as pertained to that subject. The statute further provides that the proceedings shall be in every way expedited and shall be given precedence over all other cases pending.

All these considerations persuade us that there should be a revision and condensation of the transcript before it is printed. We think a satisfactory practice will be obtained by following the analogy of general equity rule 75 (198 Fed. xl, 115 C. C. A. xl). The order, therefore, will be that the former order refusing to dispense with printing be vacated; that the petitioner, within 30 days, prepare and serve upon the commission a statement of such parts of the record as the petitioner thinks should be printed, including a condensed narrative of so much of the testimony as is material to the points to be raised; that within 30 days thereafter the commission propose such amendments to such statement and narrative as it thinks proper; and that, if the parties do not thereupon promptly reach an agreement as to the record necessary to be printed, the matter be brought to the further attention of the court.