**FEDERAL TRADE COMMISSION v. INECTO, Inc.**

Circuit Court of Appeals, Second Circuit.

April 2, 1934.

Robert E. Healy, Chief Counsel, Federal Trade Commission, of Washington, D. C., Martin A. Morrison, Asst. Chief Counsel, and Henry Miller, Sp. Atty., both of Washington, D. C., for petitioner.

Hulbert & Heermance, of New York City (Murray Hulbert, of New York City, of counsel), for respondent.

Before MANTON, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

Under section 5 of the Federal Trade Commission Act (15 USCA § 45), the Commission is required to file in this court, a transcript of the entire record in a proceeding for the enforcement of an order made by the Commission to cease and desist a practice of the respondent in its business. Section 5 provides that this court has jurisdiction to "make and enter upon the pleadings, testimony, and proceedings set forth in such transcript a decree affirming, modifying, or setting aside the order of the commission. The findings of the commission as to facts, if supported by testimony, shall be conclusive." See Federal Trade Commission v. Balme, 23 F.(2d) 615 (C. C. A. 2).

The court will have no occasion to resort to the record on which the findings were based, unless it be asserted by the respondent that the order is not supported by the evidence. National Harness Mfrs' Ass'n v. F. T. C., 261 F. 170 (C. C. A. 6). Upon our review, it will be our duty to ascertain whether such finding is supported by any evidence, if it be challenged. Petitioner asserts that part of the issues of fact tried in this case were determined in favor of the respondent and are no longer in issue; that there will be no occasion to consider any portion of that evidence concerning these issues. The petitioner asks to print only so much of the evidence as it relies upon to support any finding or findings which bear upon the issues to be presented to this court.

Rule 21, subd. 2, of this court, in an application for the enforcement of an order, requires that the transcript of the entire record shall be printed, and, unless the parties agree

---

[3] The late Judge Hickenlooper concurred in the result but did not consider the opinion as announced.

upon printing less, we cannot do otherwise than require all the testimony to be printed as constituting the record for our review. Contentions are made by respondent that it would be necessary to examine it all to ascertain if there is a violation of the order to cease and desist. The one way that we can answer that inquiry is by reading the entire record, and this we can only do if it is before us in the form required by our rule.

Motion denied.